**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHAQUILLE SEARCY,** | : | |
| **Plaintiff,** | : | |
| **V.** | : | **NO. 5:26-cv-00212-MTT-CHW** |
| **HOUSTON COUNTY SHERIFF OFFICE, *et al.*,** | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff Shaquille Searcy, a prisoner in the Houston County Detention Center in Perry, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983.[1] ECF No. 1. On preliminary review of the claims, Plaintiff is now **ORDERED** to file a recast complaint consistent with this order if he wants to proceed with this action.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government

[1]Plaintiff's motion for leave to proceed IFP was granted, and he was ordered to pay an initial partial filing fee of $4.70. ECF No. 4. An account tech from the detention center has submitted a notice to the Court that Plaintiff does not have sufficient funds in his account to pay the $4.70 initial partial filing fee. ECF No. 5. As it appears that Plaintiff is unable to pay the initial partial filing fee, the Court will waive prepayment of the initial partial filing fee and proceed to the preliminary review of the complaint. Plaintiff, however, remains liable for the full filing fee, as set forth in the previous order. *See* ECF No. 4.

entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words,

the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Factual Allegations</u>

In his complaint, Plaintiff asserts that, on April 17, 2026, Officer Dylan Windham and another officer shot Plaintiff with a taser on a street in Warner Robbins, Georgia. ECF No. 1 at 3, 5. Plaintiff sustained wounds on his hand and the inside of his mouth for which he was later treated at the hospital. *Id.* at 5. While Plaintiff was down on the ground after being shot with the taser, one of the officers kicked him. *Id.* Plaintiff chipped a tooth in two places and urinated on himself due to this treatment. *Id.* Plaintiff filed the complaint

in this case naming Deputy Dylan Windham and the Houston County Sheriff's Department as defendants.

III. Plaintiff's Claim

A. Houston County Sheriff's Department

As an initial matter, the Houston County Sheriff's Department is not a proper defendant to Plaintiff's claims. Whether a defendant is a legal entity capable of being sued in a § 1983 action is controlled by the law of the state where the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Thus, in this case, this question is governed by Georgia law. In this regard, the Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)).

The Houston County Sheriff's Department is not a legal entity capable of being sued under Georgia law. *See id.*; *see also Brannon v. Thomas Cty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam); *Lovelace v. Dekalb Central Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam). Moreover, to the extent Plaintiff's claims against the Sheriff's Department could be broadly construed as claims against Houston County, a local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that

body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff's complaint does not include any allegations that a constitutional violation resulted from a policy, regulation, or decision officially adopted and promulgated by either Houston County or its sheriff's department or jail. Thus, Plaintiff does not state a claim in this regard.

B. Deputy Dylan Windham

Plaintiff's allegations as to Deputy Dylan Windham suggest a possible claim for excessive force. Although Plaintiff does not specify, it appears that this took place during an arrest, as Plaintiff asserts that it occurred on a street, rather than in a jail or prison.[2]

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). Although the right to use some degree of force comes with the right to make an arrest, the question is whether the force used was reasonable, which is judged on a case-by-case basis. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 737-38 (11th Cir. 2010).

In some circumstances, use of a taser during an arrest may be unreasonable. Here, however, Plaintiff does not explain what happened leading up to the use of the taser to show whether its use was unreasonable in this situation. Plaintiff also alleges that while he was on the ground, one of the officers kicked him. It seems unlikely that kicking

[2] In recasting the complaint, Plaintiff should clarify the circumstances under which this incident occurred.

someone while he is already on the ground after being shot with a taser would be a reasonable use of force, but Plaintiff does not allege facts showing which officer kicked him or what happened right before he was kicked. Thus, it is unclear whether Deputy Windham was the one who kicked Plaintiff, and if not, whether he could have stopped the other officer from kicking Plaintiff.[3] These allegations are not sufficient to state a claim for excessive force against Windham.

IV. Order to Recast

As currently drafted, Plaintiff's complaint does not state a claim for relief. It appears possible, however, that he may be able to state such a claim through a more carefully drafted complaint. Therefore, Plaintiff will now be given an opportunity to recast his complaint to attempt to state a claim. To that end, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions in this order.

When drafting his recast complaint, Plaintiff must list each Defendant in the heading of his complaint. In the body of his complaint, Plaintiff must again list each defendant by name and tell the Court exactly how and when that Defendant allegedly violated Plaintiff's constitutional or federal statutory rights. Plaintiff's complaint should be no longer than

---

[3]Plaintiff did not identify the other officer or name him as a John Doe defendant. In case he intends to include the other officer as a defendant, Plaintiff should be aware that fictitious party pleading, *i.e.*, bringing claims against John Doe defendants, is generally only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Thus, Plaintiff must attempt to identify this officer if Plaintiff wants to pursue a claim against him.

ten (10) pages. Plaintiff may not attach any exhibits, declarations, or other attachments to the complaint.

Plaintiff is hereby notified that only one operating complaint is permissible, and his recast complaint will supersede and take the place of his original complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). Thus, the Court will not refer to any previous complaints or filings to determine if Plaintiff has stated a claim, and Plaintiff must include all relevant factual information necessary for the Court to evaluate his claims in the recast complaint.

In recasting his complaint, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

**CONCLUSION**

As set forth above, Plaintiff has not stated a claim for relief. Nevertheless, he will be given an opportunity to file a recast complaint. Therefore, Plaintiff is now **ORDERED** to file a recast complaint consistent with this order if he wants to proceed with this case. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number showing on both). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 30th day of July, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge