**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**SHAQUILLE SEARCY,**

**Plaintiff,**

**V.**

**HOUSTON COUNTY SHERIFF OFFICE, *et al.*,**

**Defendants.**

**NO. 5:26-cv-00212-MTT-CHW**

**ORDER OF DISMISSAL**

Plaintiff Shaquille Searcy, a detainee in the Houston County Detention Center in Perry, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. On preliminary review of his claims, Plaintiff was ordered to file a recast complaint if he wanted to proceed with this action. ECF No. 6. Plaintiff was given fourteen days to file his recast complaint and cautioned that his failure to do so may result in the dismissal of this case. *Id.*

More than fourteen days passed after that order was entered, and Plaintiff did not file a recast complaint or otherwise respond to the Court's order. Moreover, the Court's order, which was sent to Plaintiff at the Houston County Detention Center, the only address on file for Plaintiff, was returned to this Court as undeliverable with a notation that Plaintiff was no longer in that facility. ECF No. 7. It is Plaintiff's responsibility to keep the Court informed as to his current address, and his failure to do so constitutes a failure to prosecute this case. Insofar as this Court has no information as to Plaintiff's current whereabouts,

this case cannot proceed.

Accordingly, recognizing that it may be an exercise in futility, the Magistrate Judge ordered Plaintiff to show cause to the Court why this case should not be dismissed based on his failure to comply with the order to recast his complaint, as well as his failure to keep the Court apprised of his current address. Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this case. *Id.*

More than fourteen days have passed since that order was entered, and Plaintiff has not responded to that order or otherwise communicated with the Court. The order also was returned to this Court as undeliverable. ECF No. 9. Therefore, because Plaintiff has failed to follow the Court's order and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 29th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT JUDGE